### WHITTIEER *versus* PORTLAND AND KENNEBEC RAILROAD COMPANY.

If land of the plaintiff, over which there is an established highway, is taken by a railroad company under their charter, no action at law is maintainable for such taking.

Where a railroad company constructs its track across a highway in accordance with the directions and orders of the County Commissioners, no action can be sustained against them for damages suffered in consequence of their excavations, by the owner of the adjoining land.

Nor will they be liable for any damages to such owner by the necessary acts of the officers of the town in grading down the highway in consequence of the construction of their railroad across it.

ON EXCEPTIONS from *Nisi Prius*, RICE, J., presiding.

CASE.

The writ alleged that the plaintiff owned a parcel of

land in Hallowell, bounded on the south by Winthrop street · on which was a vaulable house and stable, and a stonewall erected thereon for the protection and support of the land and dwellinghouse; and that the Railroad company dug down and removed that part of the highway which was in front of the dwellinghouse, stable and stonewall, to the depth of four feet, whereby access and approach to his house, &c. were rendered impracticable, and the stone wall unsafe so that he had to rebuild it and make it higher.

The brief statement filed by defendants alleged that, before proceeding to dig down and remove any part of said highway, they filed their petition with the County Commissioners for the county of Kennebec setting forth their intention to cross said street with their railroad, and that notice to the selectmen of Hallowell was given and a hearing had, and determination was made by the Commissioners in regard to the crossing of the said street. That the report of their doings was accepted, and that all the acts done by them in and upon said Winthrop street, as alleged in the writ, were done in pursuance of said directions and not otherwise; and that the Commissioners had full warrant to direct the Railroad Company.

It appeard that the defendants cut down the traveled part of Winthrop street 4½ feet at the point where their centre line crosses said street, and graded said street westwardly on an ascending grade that terminated about at the west line of plaintiff's lot, and that they graded down the side-walk adjoining plaintiff's lot to the depth of eighteen inches at his east line, and also constructed platform bridges over the gutter between the road and the side-walk for ingress and egress to and from plaintiff's house and lot.

The plaintiff also showed, that about a year later, the town officers of Hallowell graded down the side-walk adjoining plaintiff's land to an increased average depth of two feet or more; and that thereupon it became necessary to take down his wall and relay it and build it higher, and grade out the passages from the street to his yard east

and west of his house, at an expense of $170; and some testimony tended to show, that this lowering was on account of the length of plank bridges made by the defendants.

It was admitted, that the defendants merely complied with the directions of the County Commissioners in what they did to Winthrop street.

The defendants contended:—

1st, That as all they did to Winthrop street, was done by the authority and in pursuance of the order of the Commissioners, the plaintiff could not maintain this action against them for any damages resulting therefrom;—

2d, That if defendants are liable in this action at all, they are not responsible in this suit for any damage resulting to him from the doings of the town in reducing the grade of the side-walk, and requested these instructions to the jury.

But the Court, for the purpose of presenting the questions of fact to the jury, instructed them, that the defendants were liable in this action for all the damages to plaintiff occasioned directly by, or necessarily resulting from, the acts of the defendants; and also that, if by the grading down of the traveled way by defendants, it was rendered necessary for the city to reduce the grade of the side-walk so as to render their street safe and convenient for travelers, then the defendants would be liable for the damages which the plaintiff sustained by reason of such reduction of the grade of the side-walk, as well as for the damages, which resulted immediately from the acts of the defendants.

A verdict was returned for plaintiff.

To said instructions and refusal to instruct, the defendants excepted.

*J. H. Williams,* in support of the exceptions.

1. The acts of defendants were all done by *authority* of law. This authority is found in the Act of March 1, 1836, specially referred to in § 1, of their charter. Being thus authorized they are not liable. *Callender* v. *Marsh,* 1 Pick. 435; *Spring* v. *Russell,* 7 Greenl. 295; *Parker* v. *Cutler*

*Mill Dam Co.*, 20 Maine, 353; *Rogers* v. *Kennebec & Port-land R. R. Co.*, 35 Maine, 319.

2. A special remedy is provided for persons affected by doings of defendants under their charter §§ 1, 4, c. 204, Acts, 1836. — These exclude the idea of a general remedy.

3. The authorities of Hallowell were not liable to plaintiff for their acts complained of, nor are defendants liable. *Callender* v. *Marsh*, before cited; *Smart* v. *Corporation of City of Washington*, (decided in C. C., Sept, 1853.) Besides the Legislature, by Act of Aug. 10, 1846, provided the proper remedy for plaintiff in such a case.

*Stinchfield*, with whom was *Paine, contra*.

SHEPLEY, C. J. — It does not appear, that any of the plaintiff's land was taken for the construction of the railroad.

It is said, that his land extended to the centre of Winthrop street. If so, he might have had his damages, if any were suffered, assessed in the manner provided, when lands are taken. But he cannot maintain an action at law for such an injury.

If any person entertains the opinion, that he may not be exposed to injuries by legislative enactment without being enabled in all cases to obtain compensation, that opinion is an erroneous one. The constitution will not protect him against all injurious legislative enactments. *Cushman* v. *Smith*, 34 Maine, 247.

No provision has been made in this State for compensation for injuries occasioned by the lawful construction of railroads to any person, from whom no lands or materials have been taken.

For any lawful acts of the corporation in the construction of the railroad, although indirectly injurious to the plaintiff, he cannot recover damages. *Rogers* v. *Kennebec & Portland Railroad Corporation*, 35 Maine, 319.

It is stated in the bill of exceptions to have been "conceded by the plaintiff, that the defendants merely complied

with the orders of said County Commissioners in what they did to Winthrop street in the fall of 1850."

The statute c. 81, § 13, provides, that a railroad corporation, before commencing to raise or lower a way, may request the direction of the County Commissioners as to the mode of raising or lowering the same, and it shall be their duty to direct the mode of performing said work, "and their decision shall be final." This makes it legal and conclusive upon all parties. No one can allege it to have been unlawfully done, when the railroad crossing has been made in conformity to their directions.

But it is said, the County Commissioners had acquired no jurisdiction, because the petition requested them "to examine the subject and prescribe the best manner, in which said Winthrop street may be crossed by said railroad."

The County Commissioners had by statute jurisdiction of the subject, and the petition presented it in terms sufficiently extensive to enable them to decide "as to the mode of raising or lowering" the street.

If the corporation is not liable in damages for such a construction of its road, it cannot be liable for those subsequently occasioned by the acts of the officers of the city of Hallowell.

The instructions given were erroneous, and those requested should have been given. *Verdict set aside and*

*New trial granted.*

TENNEY, APPLETON and CUTTING, J. J., concurred.